UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FLEET SECURITIES, INC.,

                              Petitioner,

v.

                                                  Case No. 3:05-cv-661-J-32HTS

MRS. MICHAEL KOSTOFF,

                              Respondent.

### AMENDED PETITION TO VACATE ARBITRATION AWARD AND FOR ORDER STAYING ENFORCEMENT OF ARBITRATION AWARD

Petitioner, Fleet Securities, Inc., doing business as U.S. Clearing, and now known as ADP Clearing & Outsourcing Services ("Fleet") by and through its undersigned counsel, hereby files its Amended Petition to Vacate Arbitration Award ("Petition"), and for an Order Staying Enforcement of the Arbitration Award, and states as follows:

### JURISDICTION AND VENUE

1. Petitioner, Fleet is a corporation, with its principal place of business in New York.[1]

2. Respondent, (Mrs.) Michael Kostoff, is a citizen and resident of St. Augustine, Florida, is over the age of majority, and is otherwise *sui juris*.

---

[1] In November, 2004, Fleet changed its name to ADP Clearing & Outsourcing Services, Inc. which continues as a New York Corporation and its principal place of business is in New York.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because Petitioner is a New York corporation with its principal place of business in New York and Respondent is a citizen and resident of Florida.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This is an action to vacate an arbitration award ("the Award")and for an order from this Court staying the enforcement of the Award of the arbitrators in the underlying arbitration proceeding entitled, <u>Michael Kostoff v. Vincent Cervone, Yankee Financial, Inc. and Fleet Securities, Inc.</u>, NASD-DR Case No. 04-04259 (the "Arbitration Proceeding"), pursuant to 9 U.S.C. §10.

6. The Arbitration Proceeding was conducted in Orlando, Florida.

7. This action is venued properly in the Orlando Division, which is the United States court in and for the district wherein the Award was made, pursuant to 9 U.S.C. §10(a). This Action was originally filed in the Orlando Division; however, the original Petition did not note the site of the Arbitration Hearing which governs proper venue for this Petition. Therefore, the Orlando Division transferred this Action to the Jacksonville Division.

## GENERAL ALLEGATIONS

8. In March 2000, Mrs. Kostoff opened a securities brokerage account with a company known as Glen Michael Financial ("GMF"), a small broker-dealer. GMF was a party to a standard Clearing Agreement with Fleet, pursuant to which GMF cleared its trades through Fleet.

9.  Under the express terms of the Clearing Agreement, Fleet's role was to act merely as clearing agent (back office order processing and record keeping function) on a fully disclosed basis for GMF, which was an independent broker/dealer. Fleet's highly limited role is recognized by and subject to Rule 382 of the New York Stock Exchange and Rule 3230 of the National Association of Securities Dealers ("NASD").

12. Respondent suffered losses in her GMF account.

13. In or about January 2001, GMF advised Fleet that its retail business, consisting of a single branch office, was being shut down. Fleet referred GMF to Yankee Financial, which agreed to accept GMF's retail business and to hire its registered employees.

14. Yankee Financial was another independent broker/dealer firm that cleared through Fleet pursuant to a standard Clearing Agreement. Yankee Financial and GMF were not under common ownership or control. Neither was under the control of Fleet.

15. In or about March 2001, Respondent agreed to transfer her account to Yankee Financial.

16. During the period from March 2001 through the closing of Respondent's account at Yankee Financial in January 2002, Respondent made just one securities purchase at Yankee, totaling $6,632.00.

17. Respondent commenced the Arbitration in June 2004, by filing a Statement of Claim with NASD Dispute Resolution, seeking principal losses of $169,000,

interest, costs, attorneys' fees and punitive damages in the amount of $500,000, from Vincent Cervone, her broker at GMF and Yankee, Yankee Financial, and Fleet.

18. Each of the parties named as Respondents in the Arbitration answered the claim, denying liability.

19. Fleet subsequently filed an Amended Answer, including a Petition to Dismiss, seeking dismissal of the claims against it on grounds that included, *inter alia*, the fact that clearing firms, such as Fleet, are not legally responsible for supervising the activities of employees of introducing firms.

20. At the final pre-hearing conference on this matter, the Arbitration Panel advised that it would consider the Petition to Dismiss after it heard evidence presented by the parties regarding the obligations of a clearing firm.

21. Prior to the commencement of the arbitration hearing, Fleet submitted a Pre-Hearing Brief, addressing, yet again, the law regarding the obligations of a clearing firm.  Respondent did not file a brief in response to the pre-hearing brief.

22. The Arbitration took place over the course of two days, on June 14 and 15, 2005, in Orlando, Florida.  Respondent called just two witnesses; herself and Charles LaBella, an employee of Fleet.

23. Respondent testified regarding her relationship with Vincent Cervone, and acknowledged that she dealt with GMF and Yankee Financial, not Fleet.  In fact, she testified that she did not even know who Fleet (U.S. Clearing) was until well after she lost her money.

24. Prior to the arbitration hearing, Yankee Financial and Vincent Cervone each reached settlements with Respondent.

25. On June 27, 2005, the Panel issued its Award against Fleet, awarding Kostoff the sum of $114,375.10 in compensatory damages plus interest, $343,125.30 in punitive damages, and directing the parties to a court of competent jurisdiction to determine the appropriate attorneys' fees due to Kostoff.

26. In order for Respondent to obtain the attorneys' fees awarded by the Panel, the Panel authorized Respondent to bring an action for fees in a Florida court. As this Petition to Vacate the Award has been filed, any action on the part of Respondent to pursue the Award of attorneys' fees should be stayed until a determination is reached on this action.

## THE RELIEF SOUGHT HEREIN

27. Repeats and realledges each and every allegation of paragraphs 1 through 26 hereof as if fully set forth therein.

28. Fleet seeks an Order vacating the Award in the Arbitration, pursuant to 9 U.S.C. §10, on the grounds that the Panel irrationally refused to consider the applicable law, put before the Panel in Fleet's legal memoranda, which states that the obligation to supervise the activities of registered representatives at an introducing broker lies with the introducing broker, not with the clearing firm.

29. As a consequence of the foregoing, Fleet is entitled to an Order staying any action brought by Respondent to enforce the Award, including any action that may be

brought by Respondent to obtain the attorneys' fees awarded by the Panel, and vacating the award, and

30. The arbitration Award rendered in favor of Respondent was the result of manifest disregard of the law and/or the facts by the Panel, and the Award exceeded the power of the arbitrators, who acted in an arbitrary and capricious manner.

**WHEREFORE**, the Petitioner, Fleet Securities, Inc., is entitled to an Order, pursuant to 9 U.S.C. §10, vacating the Award of the Panel in the Arbitration and staying any action brought to enforce the Award, and for such other relief as the Court may deem just and proper.

Dated: Orlando, Florida
July 28, 2005

Respectfully Submitted,

MATEER & HARBERT, P.A.

s/Lawrence J. Phalin
LAWRENCE J. PHALIN
Florida Bar Number 128922
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
Telephone: (407) 425-9044
Facsimile: (407) 423-2016
lphalin@mateerharbert.com

Attorneys for Fleet Securities, Inc.

Of Counsel:
Joel E. Davidson, Esq.
Nancy E. Campanozzi Esq.
FL. Bar No. 0499341
Davidson & Grannum, LLP
30 Ramland Road, Suite 201
Orangeburg, NY 10962
Telephone: (845) 365-9100
Fax: (845) 365-9190

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via regular U.S. Mail, postage prepaid, and via facsimile to the following individuals:

Michael J. Stanton, Esq.
Sean P. Cronin, Esq.
James, Hoyer, Newcomer & Smiljanich, P.A.
One Urban Centre, Suite 550
4830 West Kennedy Boulevard
Tampa, Florida 33609-2517
Facsimile (813) 286-4174

Theodore Davis, Esq.
172 Fifth Avenue
PMB # 178
Brooklyn, NY 11217
Facsimile (718) 399-7086


s/Lawrence J. Phalin
LAWRENCE J.  PHALIN